Exhibit "M"

Exhibit "M"

Summary:    Amendments to festival code.

## BILL NO. _____

## ORDINANCE NO. _____

AN ORDINANCE AMENDING CHAPTER 5.16.060, ENTITLED FESTIVAL ORDINANCE, PROVIDING FURTHER JUSTIFICATION FOR FEES FOR THE LICENSING OF COMMERCIAL ENTERTAINMENT EVENTS AND OUTDOOR FESTIVALS AND ASSEMBLIES; PROVIDING FEES FOR SUCH ENTERTAINMENT EVENTS; PROVIDING FOR THE EFFECTIVE DATE OF THIS ORDINANCE; AND OTHER MATTERS PROPERLY RELATING THERETO.

WHEREAS, the Pershing County Board of Commissioners have determined that an increase in the fees charged is warranted based upon inflation and changes in conditions;

WHEREAS, the Pershing County Board of Commissioners have held four public hearings and two public workshops to discuss the changes needed to the previous version of the Festival Ordinance;

WHEREAS, the Pershing County Board of Commissioners heard testimony and comments from: Representatives and Legal Counsel for Black Rock City, LLC (herein "BRC"); Representative(s) for the American Civil Liberties Union (herein "ACLU"); Law Enforcement; Representative(s) for the Bureau of Land Management; Other County Officials; and Other Citizenry;

WHEREAS, the ACLU and BRC mentioned the United States Supreme Court decision in Forsyth County, Georgia v. Nationalist Movement, 505 U.S. 123, ----, 112 S.Ct. 2395, 2404, 120 L.Ed.2d 101 (1992), which provides that that "[r]egulations which permit the Government to discriminate on the basis of the content of the message cannot be tolerated under the First Amendment;"

WHEREAS, the 2004-2011 Festival Ordinance had provisions, requested by BRC, which gave the County discretion in certain matters and presumptively violated the doctrine in <u>Forsyth County</u> and made the ordinance infirm even though those provisions were intended to benefit BRC and were to be applied in a constitutional manner;

WHEREAS, those discretionary items must be removed from the ordinance;

WHEREAS, Pershing County is a large geographic county with a very small population;

WHEREAS, events with more than a thousand people can create a significant burden due to staffing issues and logistics;

WHEREAS, BRC and the ACLU have cited to cases which hold that the County cannot charge a fee on free speech in order to profit therefrom;

WHEREAS, the United States Supreme Court held in <u>Murdock v. Pennsylvania</u>, 319 U.S. 105, 113–14, 63 S.Ct. 870, 87 L.Ed. 1292 (1943) that the government may impose a nominal fee to defray the costs of legitimate regulations, even if such a fee creates a burden on free speech, so long as the fee is reasonably related to the expenses incident to the administration of the ordinance and to the maintenance of public safety;

WHEREAS, Pershing County has to anticipate the reasonable costs of any Assembly of greater than one thousand people;

2

WHEREAS, the Pershing County Board of Commissioners have considered various ways to do so;

WHEREAS, the Pershing County Board of Commissioners finds that, as mandated by the statute, a short time period is involved between submission of the application and final approval at a public hearing;

WHEREAS, the Pershing County Board of Commissioners finds that there would be insufficient time to prepare appropriate budgets for the services that are provided and to accurately predict the costs for every possible contingency involved in or associated with holding a large Assembly;

WHEREAS, the Pershing County Board of Commissioners finds that the license fee which is imposed needs to be fair and assessed in a non-discretionary method;

WHEREAS, Pershing County should not have to bear the costs of providing services to an Assembly that is held in the County;

WHEREAS, Pershing County cannot fund the costs for an Assembly and wait until after the Assembly to collect a fee for costs incurred during an Assembly;

WHEREAS, the Pershing County Board of Commissioners has determined that the most appropriate way to determine the cost is to break down the cost by a per person cost for providing services;

WHEREAS, the Pershing County Board of Commissioners find that Pershing County has a population of 5,550 people (this figure excludes the

prisoner population at the Lovelock Correctional Facility for which Pershing County provides little or no services);

WHEREAS, the Pershing County Board of Commissioners has found that, in the fiscal year 2011, Pershing County had a budget of expenditures totaling nine million three hundred sixty-nine thousand nine hundred thirteen dollars ($9,369,913);

WHEREAS, the Pershing County Board of Commissioners find that Pershing County spent an average of four dollars and sixty-three cents ($4.63) per day per resident to run the County's governmental services in the fiscal year of 2011;

WHEREAS, the Pershing County Board of Commissioners has found that, in the fiscal year of 2010, Pershing County had a budget of expenditures totaling nine million two hundred sixty-seven thousand six hundred fifty-seven ($9,267,657);

WHEREAS, the Pershing County Board of Commissioners find that Pershing County spent an average of four dollars and fifty-seven cents ($4.57) per day per resident provide governmental services in the fiscal year of 2010;

WHEREAS, the Pershing County Board of Commissioners find that the following offices would likely be affected by an assembly of greater than one thousand people: Sheriff's Office (including the Patrol, Jail, and Dispatch functions); The Fire and Ambulance Services; the District Attorney's Office; The Justice of the Peace's Office; The District Court; The Other Legal Costs

4

Budget; The Public Defender's Office; The Indigent and Medical Services; The Commissioner's Office; The Clerk's Office; The Recorder's Office; The Planning Department; and the Road Department;

WHEREAS, the Pershing County Board of Commissioners find that the total costs for these departments in the 2011 fiscal year was five million one hundred ninety-seven thousand seven hundred forty-one dollars ($5,197,741);

WHEREAS, the Pershing County Board of Commissioners find that the average cost per resident in the county would be two dollars and fifty-seven cents ($2.57) per person per day;

WHEREAS, the Pershing County Board of Commissioners find that the budget for the Sheriff's Office reflects what it costs to provide for only those residents that reside outside the confines of the City of Lovelock;

WHEREAS, the Pershing County Board of Commissioners find that the City of Lovelock Police Department provides services to citizens in the City of Lovelock;

WHEREAS, the Pershing County Board of Commissioners find that the Trident Task Force also provide additional law enforcement personnel to Pershing County citizens;

WHEREAS, the Pershing County Board of Commissioners find that the Nevada Department of Public Safety, Major Crimes Division, (DPSMCD) provides assistance routinely on more serious felony cases at no charge to

5

Pershing County;

WHEREAS, the Pershing County Board of Commissioners find that expenses associated with the costs of providing services by the City of Lovelock Police Department, the DPSMCD, and the Trident Task Force are not included in the two dollars and fifty-seven cents ($2.57) per person per day figure;

WHEREAS, the Pershing County Board of Commissioners find that, given the need to provide county services at any gathering over one thousand (1000) people, such services create an expense and burden on the county that is equal to or greater than the two dollars and fifty-seven cents ($2.57) per person per day figure because of the remote locations that such events can occur and the logistical problems created by large gatherings due to a lack of personnel and infrastructure;

WHEREAS, the Pershing County Board of Commissioners find that the anticipated costs of providing services to a large gathering would exceed or be equal to the two dollars and fifty-seven cents ($2.57) per person per day figure provided above;

WHEREAS, the Pershing County Board of Commissioners find that a one dollar and fifty cents ($1.50) charge per person per day would be a reasonable amount to cover the anticipated governmental costs of covering and providing appropriate and reasonable coverage to an Assembly with more than one thousand people attending;

WHEREAS, one dollar and fifty cents per day is a nominal amount;

6

WHEREAS, the Pershing County Board of Commissioners find that some events of one thousand people will last less than a full day and that any event lasting less than 20 hours should be charged a pro rata fee based upon actual hours during which the Assembly takes place;

WHEREAS, the Pershing County Board of Commissioners find that, under the Forsyth case, there should be little discretion that is provided in how many law enforcement officers should be required at a particular event;

WHEREAS, the Pershing County Board of Commissioners find that there are eighteen (18) law enforcement officers covering the entire population of Pershing County (excluding the inmate population at Lovelock Correctional Facility which has numerous correctional officers covering the inmates therein);

WHEREAS, the Pershing County Board of Commissioners find that there is one (1) officer for every three hundred eight (308) residents in Pershing County;

WHEREAS, the Pershing County Board of Commissioners find that the following counties provide a minimum number of law enforcement officers for every person in an attendance at a festival:

Churchill County provides that there shall be a minimum of one employee for every two hundred fifty (250) individuals in attendance;

Lincoln County provides that there shall be a minimum of one employee for every five hundred (500) individuals in attendance, in addition to one security guard for every five hundred (500) individuals in attendance;

Lyon County provides that there shall be a minimum of one employee for

7

every five hundred (500) individuals in attendance;

Mineral County provides that there shall be a minimum of one employee for every five hundred (500) individuals in attendance;

Nye County provides that there shall be a minimum of one employee for every five hundred (500) individuals in attendance; and

White Pine County provides that there shall be a minimum of one employee for every five hundred (500) individuals in attendance.

WHEREAS, the following counties allow for discretion in setting the number of law enforcement personnel:

Clark County, Washoe County, Carson City, Douglas County, and Elko County, indicate that the number of law enforcement personnel shall be set by the Boards of County Commissioners;

WHEREAS, the Pershing County Board of Commissioners find that hiring additional temporary law enforcement personnel is necessary so that the limited resources of Pershing County can be best utilized to continue providing services for which the permanent County personnel are hired and employed;

WHEREAS, the Pershing County Board of Commissioners find that minimum of one officer for every five hundred (500) individuals in attendance is a reasonable and an appropriate number of personnel to enforce all state and local laws and keep the peace;

WHEREAS, the Pershing County Board of Commissioners finds that Pershing County has a limited infrastructure to provide for large events and that such events tax a limited pool of resources, personnel, and infrastructure;

WHEREAS, the Pershing County Board of Commissioners finds that a charge of one dollars and fifty cents ($1.50) per person barely covers the costs of employing law enforcement personnel;

WHEREAS, the Pershing County Board of Commissioners finds that it currently costs Pershing County $30.00 per hour to hire outside law enforcement;

WHEREAS, Pershing County would be required to pay four dollars ($4.00) for Medicare (.0145), Social Security (.062), and Worker's Compensation (.0424) for the each $30.00 per hour wage paid for outside law enforcement (in addition to the $30.00 per hour rate);

WHEREAS, the Pershing County Board of Commissioners finds that a charge of one dollar fifty cents ($1.50) per day per person would raise one thousand five hundred dollars ($1500) on an event with a thousand people and it would costs eight hundred sixteen dollars ($816) to simply employ law enforcement at a standard of one law enforcement officer per five hundred (500) attendees;

WHEREAS, the Pershing County Board of Commissioners finds that in addition to law enforcement personnel salary expenses, the County will incur costs for either renting vehicle and other equipment or for the wear and tear occasioned by the use for the Assembly;

WHEREAS, the Pershing County Board of Commissioners finds and reasonably anticipates any outside law enforcement personnel would need some form of identification, distinctive clothing, and other insignia to identify that they are working for the Pershing County Sheriff's Office;

WHEREAS the costs of such items should be paid from the license

9

fee;

WHEREAS, the Pershing County Board of Commissioners also find that based upon prior Assemblies, law enforcement often have to spend multiple days prior to the Assembly and multiple days after the Assembly providing services;

WHEREAS, the Pershing County Board of Commissioners finds and reasonably anticipates that the Pershing County Sheriff's Office will incur expenses related to dispatching services;

WHEREAS, the Pershing County Jail will experience costs associated with housing inmates who were arrested at an the Assembly;

WHEREAS, there would be a need to reimburse coverage for transport officers and dispatch personnel;

WHEREAS, the Pershing County Board of Commissioners finds that, based upon the analysis above, it would cost a minimum eight hundred sixteen dollars ($816) per thousand people in order to employ the requisite one officer per five hundred people without the added expenses of dispatch and the jail and transport of prisoners/inmates;

WHEREAS, the Pershing County Board of Commissioners find that it is reasonable to believe that an embroidered/silk screened shirt and hat ($15.00), an embroidered/silk screened jacket ($25.00), an identification card ($4.00), equipment purchase/usage (flashlights, cameras, etc.,.,. ($30.00)) and per diem ($6.00 for breakfast, $6.00 per lunch, and $12.00 for dinner (total

10

$24.00)) for each officer should be considered part of the costs (totaling $98.00);

WHEREAS, the Pershing County Board of Commissioners finds that a cost for vehicles would have to be anticipated;

WHEREAS, the Pershing County Board of Commissioners finds that a vehicle rental would be required for each officer during the officer's shift (or payment for wear and tear and gas for existing vehicles);

WHEREAS vehicle rentals cost between twenty ($20.00) and thirty dollars ($30.00) per day;

WHEREAS costs for vehicle fuel, generators, and vehicle wear and tear are impossible to accurately anticipate due to the vast area within the 6000 square miles of Pershing County and lack of utility infrastructure within certain isolated portions of the County;

WHEREAS, there are other potential costs for traffic control devices and equipment, support staff, training, and other similar costs which would be necessary to properly police any event;

WHEREAS, there would be a need to reimburse coverage for time spent following an event on follow up on any criminal cases that arise out of an event, which would be billed at thirty-four dollars ($34.00) per hour to cover county expenses;

WHEREAS, there would be a need, based upon the large geography and potential for Assemblies in very remote areas, to be able to rent

11

equipment necessary to provide services in remote locations;

WHEREAS, the Pershing County Board of Commissioners finds that a minimum total cost of one thousand and forty dollars ($1,040.00) for law enforcement personnel would be incurred for every thousand attendees (this figure does not calculate additional costs for follow-up investigations and for other personnel which would be needed);

WHEREAS, in 2011, an Assembly was held in Pershing County;

WHEREAS, in 2011, the Pershing County Board of Commissioners insisted that the Pershing County Sheriff keep expenditures at a minimum for the Assembly;

WHEREAS, the Pershing County Sheriff's Office provided twenty-five (25) officers for the an Assembly in 2011;

WHEREAS, the total expenditures for the law enforcement personnel/officers was approximately ninety-three thousand five hundred ninety-eight dollars ($93,598.12)[1] to employ the twenty-five officers, one coordinating officer, and to pay for various other costs;

WHEREAS, the total expenditures did not include all the services provided in the jail, by dispatch, and by the Sheriff's Office prior to, during, and after the event;

WHEREAS, the total hours spent at Burning Man for law enforcement services amounted to two thousand one hundred twenty three

---

1       This figure will be updated prior to final printing.

(2123) hours;

WHEREAS, that makes the average officers working per day for the eight day Assembly to be under eighteen (18) officers per day;

WHEREAS, this makes the average expenditure per officer to be six hundred fifty dollars ($650.00) per officer per day or one thousand three hundred dollars ($1300.00) per day for two officers;

WHEREAS, based upon previous history, it would costs one thousand three hundred dollars ($1300.00) per thousand attendees if a one law enforcement personnel per five hundred attendees is adopted;

WHEREAS, this did not cover the expenditures for the Sheriff and others who attended pre-Assembly and post-Assembly briefings, performed duties and other labor related to their duties in relation to the Assembly;

WHEREAS, the Pershing County Board of Commissioners find that to cover this portion of the law enforcement costs, the fee would have to be a minimum of one dollar ten cents ($1.10) per person to cover the law enforcement personnel costs;

WHEREAS, this amount is less than the $1.30 per attendee finding based upon the 2011 Assembly above;

WHEREAS, the Pershing County Board of Commissioners find that one dollar ten cents ($1.10) per attendee per day to be fair and reasonable and to represent an accurate law enforcement cost recovery budget for any Assembly;

13

WHEREAS, the Pershing County Board of Commissioners finds that such costs would not include the cost of prosecuting cases in the court systems or the other administrative costs associated with such an event;

WHEREAS, the Pershing County Board of Commissioners finds and reasonably anticipates that costs will be incurred by the Pershing County District Attorney's Office in reviewing the license application and in prosecuting cases that arise out of events which occur at an Assembly;

WHEREAS, the Pershing County Board of Commissioners finds that the Pershing County District Attorney's Costs generally are one dollar ($1.00) for every five ($5.00) spent by the Pershing County Sheriff's Office;

WHEREAS, the Pershing County Board of Commissioners finds that the true costs, which include other time spent prior to any Assembly by the District Attorney and his/her staff and the costs of prosecution, would be difficult to estimate because: (1) The office is not set up for billing; (2) The cases arising from any Assembly could vary from very serious (with a high intensity of personnel required) to minimal (with a low intensity of personnel required);   (3) The time spent reviewing agreements and attending pre-Assembly events could vary based upon the Assembly; (4) The time spent training officers could vary based upon the Assembly and the numbers involved; and (5) Other time and labor commitments which would be difficult to calculate in the abstract and could vary greatly;

WHEREAS, the Pershing County Board of Commissioners finds that

14

a cost of prosecution services would costs a minimum of two hundred dollars ($200.00) per thousand people, which would be significantly less than what the potential costs which could be incurred;

WHEREAS, the Pershing County Board of Commissioners find that a twenty-cents ($.020) per attendee per day prosecution budget to be fair and reasonable and to represent an accurate anticipated budget for any Assembly;

WHEREAS, the Pershing County Board of Commissioners finds that costs will be incurred by the Lake Township Justice's Court and Sixth Judicial District Court in handling cases that arise out of events

WHEREAS, the Pershing County Board of Commissioners finds that the courts in Pershing County experience a costs which are generally one dollar for every five dollars ($5.00) spent by the Pershing County Sheriff's Office;

WHEREAS, the Pershing County Board of Commissioners finds that any trials, especially jury trials, will cost the County thousands of dollars which cannot be accurately anticipated in advance of an Assembly;

WHEREAS it costs Pershing County at least twenty-five ($25.00) dollars plus travel costs for witness in every criminal case;

WHEREAS, it costs Pershing County at least one hundred dollars ($100.00) to process every Justice's Court case to final disposition;

WHEREAS, the Pershing County Board of Commissioners finds that a minimum of two hundred dollars ($200.00) per thousand people is a reasonable anticipated costs for an Assembly and is significantly less than what

15

the potential costs which could be incurred;

WHEREAS, the Pershing County Board of Commissioners find that a twenty-cents ($.020) per attendee per day court services budget to be fair and reasonable and to represent an accurate anticipated budget for any Assembly;

WHEREAS, the Pershing County Board of Commissioners finds that in preparation for an Assembly, the Sheriff's Office, the Commissioners and the other County offices experience costs associated with Pre-Assembly and Post-Assembly meetings, preparations, and reviews;

WHEREAS, the Pershing County Board of Commissioners finds that following an Assembly, there may be additional needs for investigations by law enforcement into allegations of wrong-doing which may occur during an Assembly and which will create the need to employ additional law enforcement or use additional law enforcement resources for investigations;

WHEREAS, the analysis does not include costs for the Public Defender's Office, the Clerk/Treasurer's Office, the Recorder/Auditor's Office and other impacted offices which would be reimbursed for services rendered in conjunction with and as a result of any Assembly;

WHEREAS, the Pershing County Board of Commissioners finds that the County may have to pay for any costs which are incurred which are greater than the one dollar fifty cent ($1.50) fee per attendee per day fee to be imposed as a license fee and that there is a great likelihood that the County will end up bearing some of those costs;

16

WHEREAS, the Pershing County Board of Commissioners find that the only reasonable way of calculating costs and ensuring payment of the costs of an Assembly to the County is through a per person charge which does not make the County dependent upon pursuing payment after an Assembly has occurred and does not require the County to pay for the costs in anticipation of being reimbursed for expenditures that are related to the Assembly, even though such a charge may not fully reimburse the County for all costs associated with having such an Assembly and providing services thereto;

WHEREAS, BRC and the ACLU have argued that the County cannot follow its festival ordinance with respect to activities on BLM managed public property;

WHEREAS, concurrent state regulation will be preempted only in certain circumstances, as where congress specifically manifests an intent to override state law, New York State Dept. of Social Services v. Dublino, 413 U.S. 405, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973); the federal legislation is so pervasive as to imply intent to occupy the entire field, Northern States Power Co. v. Minnesota, 447 F.2d 1143 (8th Cir. 1971), aff'd, 405 U.S. 1035, 92 S.Ct. 1307, 31 L.Ed.2d 576 (1972); if compliance with both the state and federal regulations would be impossible, Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); or frustrate an important federal policy, Perez v. Campbell, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971);

WHEREAS, BLM currently requires Permittees such as BRC to comply with all state and local laws/statutes/ordinances;

WHEREAS, the United States Supreme Court, Jones v. Rath Packing Co., 430 U.S. 519, 525-26, 97 S.Ct. 1305, 1309-10, 51 L.Ed.2d 604 (1977), has held that "we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress;"

WHEREAS, the Pershing County Board of Commissioners find that the State still has jurisdiction to enforce its laws on public property controlled by the BLM unless those laws directly contradict Federal laws that were enacted pursuant to the property clause of the Constitution;

WHEREAS, the Pershing County Board of Commissioners find that there is no conflict in the instant case because the Festival Ordinance involves activities directly related to enforcement of non-conflicting state laws;

WHEREAS, the Pershing County Board of Commissioners, recognizing that its ordinance must co-exist and be subordinate to federal law under the Supremacy Clause of the United States Constitution, does hereby find that amendments need to be made to the Festival Ordinance to ensure that no conflicts exist and that there is harmony between the provisions of the Ordinance and federal law; and

WHEREAS, the Pershing County Board of Commissioners recognize that any license fee must be related to actual expenses and cannot be used for

18

other purposes, therefore, a separate line item needs to be created to ensure that the funds are appropriate used only for actual expenses related to an event.

**NOW, THEREFORE, IT IS ORDAINED BY THE PERSHING COUNTY BOARD OF COUNTY COMMISSIONERS that the following changes and additions be made to Chapter 5.16 of the Pershing County Code.**

Chapter 5.16

**OUTDOOR FESTIVALS, ASSEMBLIES AND
COMMERCIAL ENTERTAINMENT EVENTS**

5.16.010: DEFINITIONS:

APPLICANT: The individual, corporation, or partnership who submits an application requesting authorization to hold an assembly in the territorial confines of Pershing County.

APPLICATION: The physical document obtained from the Pershing County clerk that details the requirements for making application for a license under this chapter.

APPLICATION FEE: The fee of one hundred dollars ($100.00) paid to apply to receive a license to hold an assembly within the territorial confines of Pershing County.

ASSEMBLY: Any company of persons gathered together for any purpose at any location, other than in a permanent building or permanent installation which has been constructed for and will accommodate a number of persons gathered therein.  The term "Assembly" shall also include any "commercial entertainment event" and "outdoor festival".

ATTENDEE: Any person who attends or participates in an assembly.

COMMERCIAL ENTERTAINMENT EVENT: Includes any entertainment event which is organized or promoted for commercial purposes whether or not an admission fee or donation is requested or required.

EVENT FEE: The fee established by the commissioners for a license

19

authorizing the Applicant to hold an assembly within the territorial confines of Pershing County.

OUTDOOR FESTIVAL: Includes art festival or any music festival, dance festival, rock festival or similar musical activity, at which music is provided by paid or amateur performers or by prerecorded means, which is held at any place other than in a permanent building or permanent installation which has been constructed for the purpose of conducting such activities or similar activities, and to which members of the public are invited or admitted for a charge or free of cost.

PERMITTEE: The individual, corporation, or partnership authorized by a license to hold an assembly in the territorial confines of Pershing County. (Ord. 208, 2004; Amended Ord. 288, February 2012February 2012)

5.16.020: LICENSE REQUIRED; PENALTY:

Every individual, corporation, or partnership who permits, maintains, promotes, conducts, advertises, operates, undertakes, organizes, manages, sells or gives away tickets to an actual or reasonably anticipated assembly of one thousand (1,000) or more individuals shall obtain an outdoor festival license from the board of county commissioners.  The outdoor festival license does not relieve an entity from the general requirements of obtaining a business permit/license. This chapter does not apply to events conducted within the Lovelock City limits. Failure to comply with the provisions of this section constitutes a misdemeanor offense. (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.030: LICENSE APPLICATION; REQUIRED INFORMATION:

1.     Application for a license to conduct an assembly shall be made in writing to the clerk of the board of county commissioners at least sixty (60) days prior to the time indicated for the commencement of the planned activity and shall be accompanied by a nonrefundable application fee of one hundred dollars ($100.00) and shall contain the following information:

A. The name, date of birth, residence and mailing address of the person making the application. If the application is made by a partnership, the names and addresses of the partners must appear. Where the applicant is a corporation, the application must be signed by the president, vice president and secretary and must contain the addresses of the corporate officers and a certified copy of the articles of incorporation shall be submitted with the application;

B. A statement of the kind, character or type of assembly which the applicant proposes to conduct, operate or carry on;

C. The address, legal description or coordinates of the place where the proposed assembly is to be conducted, operated or carried on. Additionally, the applicant must submit either:

(1) Proof of ownership of the place where the festival is to be conducted; or

(2) A statement signed by the owner of the premises indicating his consent that the site be used for the proposed assembly; or

(3) Proof that an application to hold the assembly has been submitted to the appropriate government agency if the event is to be held on public property;

D. The date or dates and the hours during which the assembly is to be conducted; and

E. An estimate of the number of customers, spectators, participants and other persons expected to attend the festival, assembly, or event for each day it is conducted.

2.     In no event can sale of ticket(s) for the Assembly occur prior to obtaining a license pursuant to this chapter.   (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.040: FESTIVAL, ASSEMBLY OR COMMERCIAL EVENT PLANS:

The Applicant shall include with the application a detailed site plan and an explanation of the applicant's plans, which shall at a minimum, detail the following:

A. Number of Attendees that will be allowed into the event;
B. The times during which the event will be held;
C. Provide security;
D. Fire protection;
E. Water supply and facilities;
F. Food supply and facilities;
G. Sanitation facilities;
H. Medical facilities and services;
I. Vehicle parking space;
J. Vehicle access and on site traffic control;
K. Communication services to be provided; and,
L. If it is proposed or expected that spectators or participants will remain at night or overnight, the arrangements for illuminating the premises and for camping or similar facilities.

21

The applicant's plans shall include what provisions shall be made for numbers of spectators in excess of the estimate, provisions for cleanup of the premises and removal of rubbish after the assembly has concluded. A plot plan showing arrangement of the facilities including those for parking, egress and ingress shall be submitted with the application.

(Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.050: LICENSE APPLICATION PROCESSING:

A. Upon receipt of a complete application and the application fee, the clerk of the county commissioners shall set the application for public hearing at a regular meeting of the board of commissioners, not less than fifteen (15) days nor more than thirty (30) days thereafter, and shall give written notice thereof to the applicant not less than ten (10) days prior to the public hearing.

B. The clerk shall promptly give notice of hearing and copies of the application to the sheriff, the district attorney, the county engineer, the county health officer, and such other officers or other individual as deemed necessary by the county clerk. (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.060: LICENSE APPLICATION; CONSIDERATION BY COUNTY COMMISSIONERS; ASSEMBLY FEE:

At the hearing on the application, the Board of County Commissioners may receive public comment, testimony, and other evidence relating to the proposed Assembly.  Based upon the testimony of the witnesses and evidence presented at the hearing, including the report of the Sheriff, County Engineer, and other county personnel, the Board of Commissioners shall either deny the application in accordance with the provisions as set forth herein, or grant the application and set conditions in accordance with the provisions herein.  Notice of the decision shall be issued within ten days of the hearing or during the hearing.  Any grant or denial may not be based upon any impermissible justification, such as the content of the speech at the event, race, or other impermissible consideration.

The Board shall set conditions necessary for the safety of the event as set forth in PCC 5.16.080.  The applicant shall furnish or cause to be furnished to the clerk proof that all conditions have been met before the license may be issued by the clerk and shall pay a license fee as set forth herein.

In addition to the conditions set forth herein, the Commissioners

shall set a license fee.  For any event which lasts longer than twenty hours or which occurs on multiple days and which an entrance/admission ticket(s) is/are sold, the license fee shall be set at one dollar and fifty cents ($1.50) per person for each day the event is held for each person authorized to attend under the ticket sold.  In the event that an event is held for less than twenty hours and admission/entrance ticket, the event fee shall be set at a pro rata amount for the hours that the event for each person authorized to attend under the ticket sold.  In the event that fees are not charged and the event lasts longer than twenty-four hours or occurs on multiple days, the license fee shall be set at one dollar and fifty cents ($1.50) per day for each person authorized to attend the event for each day the event is held.    The license fee shall be used to provide law enforcement services to the event and shall be used to cover reasonable and necessary expenses including, but not limited to, prosecution costs, hiring additional law enforcement personnel, purchasing equipment and other infrastructure for an Assembly, court costs, public defender costs, administrative costs, costs for review by County personnel, and other reasonable and necessary costs incurred as a result of the event.  The County shall establish reasonable methods for reimbursing the general fund or other funds for expenses and costs incurred as a result of the Assembly from the license fee.

The board of commissioners may not waive any provision in this section (Ord. 217, 2004: Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.070: LICENSE ISSUANCE; FEE NONTRANSFERABLE; ONE ASSEMBLY ONLY:

A. When the county clerk certifies that pre-Assembly conditions have been met, a plan is in place to meet other conditions, and the license fee has been paid, the clerk shall issue a license specifying the name and address of the applicant, the kind of festival licensed and the number of days of operation authorized. The applicant shall keep the license posted in a conspicuous place upon the premises at which the festival, assembly or event is conducted. No license issued pursuant to this chapter shall be transferable or removed to another location.  The license fee must be paid and the imposed conditions must be satisfied prior to the Assembly occurring.

B. A license issued shall be valid for the authorized festival, assembly or event and not for any other unless the commissioners authorize a series of events within one year.
   (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.080: LICENSE CONDITIONS:

At the hearing, the Board of County Commissioners may establish conditions which must be met prior to the issuance of any license under this chapter, except that the board may take a matter under submission before determining which conditions shall be imposed.

Where the board takes a matter under submission, written notice of any conditions imposed as prerequisite to the issuance of a license must be mailed to the applicant within fifteen (15) days of the original hearing.   A written notice may be delayed beyond fifteen (15) days of the original hearing only if specifically agreed to by the applicant and the Pershing County Board of Commissioners in writing.

In any event, the Board of County Commissioners may impose such conditions pursuant to the county's general police power, as defined in sections 5.16.090 through 5.16.130 of this chapter, as are necessary for the protection of health, safety and property of local residents and persons attending an assembly in the county. Furthermore, the Board of County Commissioners shall require as a condition that the license be issued subject to the Applicant providing a plan to provide suitable communications at the event for law enforcement and attendees.   (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.090: POLICE PROTECTION:

Every Applicant is required to pay for police protection.   The license fee set forth herein shall be used to pay for law enforcement personnel for an event as set forth herein and shall be used to defray or pay all costs associated with prosecution of cases arising out of the event.   The minimum number of law enforcement personnel needed shall be set at one (1) law enforcement employee per five hundred (500) attendees.     The qualifications of the law enforcement personnel will be determined by the Pershing County Sheriff.   The Pershing County sheriff, in addition to direction and control of regular county law enforcement personnel, shall have direction and control of the law enforcement activities of those personnel authorized to assist with the provision of law enforcement at the Assembly licensed under this chapter.

In the event that the Assembly is held on federal public lands and the BLM provides federal law enforcement officers to police the event, the number of law enforcement personnel provided by Pershing County shall be reduced by the same number of BLM law enforcement officers.   In no event shall the total number of Sheriff's Office personnel be reduced to a number less than one Sheriff's law enforcement employee per one thousand attendees. The license fee shall be reduced in accordance with the following formula: ((Number of Reduced Pershing County Law Enforcement Personnel) multiplied by six hundred fifty dollars ($650.00) multiplied by (the number of days the event is held)). (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.100: PLANS OF OPERATION:

The board of county commissioners, in addition to other conditions, may require that the Applicant meet certain conditions with respect to water facilities, food concessions, sanitation facilities required, medical facilities, parking areas, access and parking control, illumination, and overnight camping facilities.   At a minimum, the Applicant shall be required to meet state and federal guidelines with respect to each area of operation.

The following are areas of concern that shall be addressed by the Applicant in the plans of operation submitted to the county clerk:

A. Water Facilities:

1. The applicant shall provide plans showing how an ample supply of potable water for drinking and sanitation purposes on the premises of the festival will be provided. The plan must demonstrate that the location of water facilities on the premises comply with state and federal law and any applicable county ordinances.

2. The plan shall also show that the water provided for the event shall meet Nevada and U.S. public health service standards.

B. Food Concessions:

1. Where the proposed festival is to be held a substantial distance from public eating places, food handling places or like establishments, the applicant shall provide plans which shall demonstrate that food will be available at the premises for each day of operation to adequately feed the number of persons expected to be in attendance.

2. The plan shall also show that concessionaires will be licensed and operate under a valid health department permit pursuant to local ordinances and state laws.

C. Sanitation Facilities Required:

1. The applicant shall provide plans which shall provide sufficient sanitation facilities to comply with state health laws.

2. Where flush type water closets cannot be made available for the persons in attendance, the commissioners may allow the use of portable chemical toilets. The chemical toilets must conform to Nevada state standards and the plan shall provide for routine emptying and recharging, at the

Applicant's expense, of the chemical toilets as necessary pursuant to state standards.

3. The plan shall provide for sufficient and adequate garbage collection for the assembly, detailing the pickup and removal of refuse, trash, garbage and rubbish by a permitted refuse collector, with a copy of the contract for such services being attached. Removal of all trash and refuse shall be at the Applicant's expense.

D. Medical Facilities: The plan shall examine the following:

1. The applicant shall be required to provide emergency medical treatment facilities on the premises of the festival and staff to provide emergency medical personnel.

2. The county health officer shall be apprised of the need for medical services, based on the number of persons expected to attend a festival, their expected age group, the duration of events planned and the possibility of exposure to inclement weather and outdoor elements. Traffic lanes and other adequate space shall be designated and kept open for access and travel for ambulance, helicopter and other emergency vehicles to transport patients or staff to appropriate on and off site treatment facilities.

E. Parking Areas: The plan shall examine the following:

1. Provision of parking space for persons attending the festival, assembly, or event by motor vehicle.

F. Access And Parking Control: The plan shall examine the following:

1. Every Applicant shall provide adequate ingress and egress to festival, assembly, event premises and parking areas therefor. Necessary roads, driveways and entranceways shall exist to ensure orderly flow of traffic into the premises from a highway or road which is a part of the Pershing County highway system or which is a highway maintained by the state. A special accessway for fire equipment, ambulances and other emergency vehicles may be required. The head of the road department shall approve the Applicant's plan for ingress and egress before a license shall be issued.

2. Additionally, any applicant may be required to show the traffic guards are under his employ to ensure orderly traffic movements and relieve traffic congestion in the vicinity of the festival, assembly, event area.

G. Hours Of Operation: All festivals or events which are subject to

26

license under this chapter shall provide detailed information concerning the planned hours of operation.

H. Illumination: The plan shall examine the illumination/lighting provided at the assembly during evening and early morning hours if the assembly will occur prior to sunset or after sundown.

I. Overnight Camping Facilities: The plan shall also include a plan to accommodate overnight camping if the assembly will include overnight guests.

J. Communication:   The plan shall also include provisions to govern the communication services that shall be provided at the event for law enforcement personnel and attendees at the event. (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.105 PUBLIC LANDS:

In the event that an Applicant has also submitted an application to the Bureau of Land Management for a Special Recreation or Use Permit on public lands managed by the Bureau of Land Management (BLM) and the BLM has required and approved a Plan of Operations, to the extent that the plans duplicate requirements, the approval by the BLM of a Plan of Operation shall be accepted and shall not be grounds for denial of a License.

In addition to other conditions required by this chapter, any conditions that are made part of the Plan of Operations by the BLM shall be adopted by the Pershing County Board of Commissioners as being sufficient for the Plan of Operations set forth in this Chapter, provided that all the issues that need to be addressed in a Plan of Operations under this chapter are addressed.  In the event that the BLM Plan of Operations does not cover all the services required under this Chapter, the Applicant shall prepare and file a Supplemental Plan of Operations to cover those aspects not covered in the BLM Plan.  An Applicant may submit the final BLM approved plan of operations as part of the application to satisfy the requirements for a Plan of Operations herein.

5.16.110: BONDS; INSURANCE:

A. Any Applicant shall be called upon to post an indemnity bond and/or a performance bond in favor of the county in connection with the operation of a festival. Bonds required by this chapter must be meet legal standards applicable to such bonds and guarantees must be submitted prior to the issuance of a License.  All bonds and insurance discussed herein shall be paid by the Applicant at his/her/its own expense and independent of the license fee required by this Chapter.   Unless the Applicant has obtained a

special use or recreation permit from the BLM and a similar bond is required by the BLM for the same purposes, in which case, the Applicant shall submit a copy of the paperwork for the bond approved by the BLM and the County will approve such bonding as being sufficient.

B. An applicant shall be required to submit a surety bond written by a corporate bonding company authorized to do business in the state in an amount determined by the board of county commissioners. The bond shall indemnify the county, its agents, officers, servants and employees and the county commissioners against loss, injury and damage to both person and property.  If the Applicant has obtained a special use or recreation permit from the BLM and a similar bond is required by the BLM for the same purposes, in which case, the Applicant shall submit a copy of the paperwork for the bond approved by the BLM and the County will approve such bonding as being sufficient, provided that the County is named as an additional agency covered by the bond.

C. Additionally the county may demand that the applicant provide a corporate surety bond written by a corporate bonding company authorized to do business in the state, indemnifying the county and the owners of property adjoining the festival, assembly, or event site for any costs necessitated for cleaning up and/or removing debris, trash or other waste from, in and around the premises. The bond shall be in an amount determined by the board of commissioners.  If the Applicant has obtained a special use or recreation permit from the BLM and a similar bond is required by the BLM for the same purposes, in which case, the Applicant shall submit a copy of the paperwork for the bond approved by the BLM and the County will approve such bonding as being sufficient.

D. The commissioners may waive a bond requirement if the Applicant can provide verifiable proof of insurance, naming the county as a primary insured under the insurance contract, with sufficient coverage to protect the county financially.  If the Applicant has obtained a special use or recreation permit from the BLM and a similar insurance amount is required by the BLM for the same purposes, in which case, the Applicant shall submit a copy of the paperwork for the bond approved by the BLM and the County will approve such insurance as being sufficient, provided that the County is named as an additional insured.

E.   In addition to the bond and insurance coverage discussed above, the Applicant shall either provide at its own expense for insurance or a bond that will cover any indigent medical care which may occur during the Assembly.   In the event the County is able to procure indigent medical coverage for all indigents, the Applicant shall pay a proportionate share of the

28

insurance as required to cover the Assembly or obtain its own indigent medical insurance.   (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.120: FIRE PROTECTION:

A. Every Applicant shall provide at his own expense adequate fire protection as determined by the fire protection agency or agencies having jurisdiction where the assembly is to be conducted or which is approved by the Fire Chief of Pershing County.

B. If the assembly is located in a hazardous fire area as defined by any state agency or the Pershing County fire chief and/or district fire chief, suitable number of fire guards shall be employed by the Applicant who shall be approved by the chief of the responsible fire protection agency or agencies. Flammable vegetation and other fire hazards shall be removed in a manner and in the quantity determined by the fire chief. First aid fire extinguishment equipment shall be provided as directed by the fire chief.

C.     In the event that the Assembly is scheduled to occur on public property managed by the BLM and the BLM has established any fire protection plans or required the Applicant to do so, the BLM requirements shall be accepted as appropriate by Pershing County and adopted as such unless: (1) There are problems which would inhibit, prohibit, or restrict the Pershing County fire, rescue, police, and other emergency services from providing services which the BLM/Federal Government does not provide; or (2) There are unfunded mandates placed on Pershing County which are created by the BLM Special Use/Recreation Permit.   If there is a conflict, Pershing County will attempt to resolve the issue with the BLM and invite input on how to resolve the issue from the BLM in accordance with standard Memoranda of Understanding between Pershing County and the BLM.

(Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.130: MISCELLANEOUS REQUIREMENTS:

Any applicant may be required to meet any other reasonable condition imposed by the Pershing County Board of Commissioners prior to receiving a license to conduct a festival, assembly, or event which is reasonably calculated to be necessary to protect the health, welfare and property of local residents and persons attending the festival. (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.140: LICENSE; GROUNDS FOR DENIAL:

After holding the required public hearing, the board of county commissioners may deny issuance of license if it finds any of the following:

A. That the applicant fails or is unable to meet the conditions imposed pursuant to this chapter;

B. That the proposed festival, assembly, or event will be conducted in a manner and/or location not meeting the health, zoning, fire or building, and safety standards established by the ordinances of the county or the laws of the state;

C. That the applicant has knowingly made a false, misleading or fraudulent statement of material fact in the application for license, or in any other document required pursuant to this chapter;

D. That the applicant, his employee, agent or any person connected or associated with the applicant as a partner, director or officer has previously conducted the type of festival, assembly, or event being applied for which resulted in the creation of a public or private nuisance;

E. That the applicant, his employee, agent or any person associated with the applicant as partner, director or officer has been convicted in a court of competent jurisdiction, by final judgment of:

1. An offense involving the presentation, exhibition or performance of an obscene production, motion picture or place; or of selling obscene matter, or

2. An offense involving lewd conduct, or

3. An offense involving the use of force and violence upon the person of another, or

4. An offense involving misconduct with children, or

5. A felony offense.

F. Where the application is denied, the clerk of the board of county commissioners shall mail to the applicant written notice of denial within fifteen (15) calendar days of the action, which notice shall include a statement of the reasons the application was denied.

G.  No application shall be denied on any improper basis under the Nevada and/or United States Constitutions, including the content of any

30

speech that may occur at an assembly.  (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.150: COMPLAINTS:

Any person may file a complaint with the clerk of the board of county commissioners or may petition the board of county commissioners to conduct a hearing concerning the revocation of the license of any Applicant. The clerk of the board of county commissioners shall notice the petition for hearing in accordance with the provisions in section 5.16.170 of this chapter. (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.160: LICENSE REVOCATION:

The board of county commissioners shall have the power to revoke any license or to revoke and reinstate any license upon suitable conditions, when the following causes exist:

A. The Applicant fails, neglects or refuses to pay the fee prescribed by this chapter;

B. The Applicant, his employee or agent, fails, neglects or refuses to fulfill any or all of the conditions imposed pursuant to this chapter;

C. The Applicant allows the festival to be conducted in a manner which violates any law or regulation established by the ordinances of the county or the laws of the state;

D. The Applicant, his employee or agent, is convicted of any of the offenses enumerated in this chapter.

However, no license shall be revoked on an improper basis under the Nevada and/or United States Constitutions, including the content of any speech that may occur at an assembly. (Ord. 208, 2004; Amended Ord. 288, February 2012)

5.16.170: LICENSE; NOTICE OF INTENT TO REVOKE; HEARING:

Notice of intent to revoke any License or to hold a hearing in which the License may be revoked shall be given and the Applicant shall be entitled to a hearing. The clerk of the board of county commissioners shall give notice, setting forth the causes for revocation and shall state the time and place at which the matter of revocation will be heard before the board of county commissioners. The notice shall be mailed no later than ten (10) days

prior to the date set for hearing. The board of county commissioners shall hear all interested parties and may revoke a license only for one or more causes enumerated by this chapter.   Revocation may not be based upon any inappropriate basis that is not set forth in this chapter.   (Ord. 208, 2004; Amended Ord. 288, February 2012)

   5.16.180: UNLAWFUL ACTS; REMEDIES:

      A. If an owner of any interest in real property:

      1. Holds or conducts an assembly on this property without first obtaining a license for the holding or conducting of the event; or

      2. Having obtained a license, admits a greater number of persons to the assembly than is authorized by the license; or

      3. Knowing that a license is required, agrees to let the property to another person for the purpose of holding or conducting a commercial entertainment or outdoor festival prior to the other person obtaining a license, and the other person thereafter holds or conducts an assembly without having obtained a license; or

      4. Consents to the issuance of a license for another person to hold the assembly and the other person admits a greater number of persons to the assembly than is authorized by the license then, the owner shall be strictly liable, without any showing of an intentional act or omission on his part for all of the following:

      (a). Damages in an amount equal to all actual costs incurred by any public entity, including the county, providing extraordinary governmental services for the protection or preservation of the public peace, health or safety which are proximately caused by the holding or conducting of the event.

      (b). Damages for any injury to property occurring to or on any other real property which are proximately caused by the holding or conducting the event.

      B. No liability under this section shall attach to any public entity.

      C. The liability imposed by this section is in addition to any other liability imposed by statute, ordinance or judicial decision on any person.

      D. It is unlawful for any Applicant, employee, agent or person associated with the Applicant, to do any of the following:

32

1. Conduct or operate a festival, assembly, or event without first procuring a license to do so;

2. Sell tickets to a festival, assembly, or event without a license first having been obtained;

3. Operate, conduct or carry on any festival, assembly, or event in a manner to create a public or private nuisance;

4. Exhibit, show or conduct within the place of festival, assembly, entertainment event any obscene, indecent, vulgar or lewd exhibition, show, play, entertainment or exhibit no matter by what name designated;

5. Allow any person on the premises of the licensed festival, assembly, or event to cause or create a disturbance by offensive or disorderly conduct;

6. Knowingly allow any person to consume, sell or be in possession of intoxicating liquor while in a place of a festival, assembly, or event except where the consumption or possession is expressly authorized under the laws of the state;

7. Knowingly allow any person at the licensed festival, assembly, or event to use, sell or be in possession of any narcotic or dangerous drug while in, around or near a place of the festival, assembly, or event.

Any of the above enumerated violations shall constitute a criminal act and shall be punishable pursuant to ordinances of the county and the laws of the state. It is provided, however, that the county retains any and all civil remedies, including the right of civil injunction for the prevention of these violations and for the recovery of money damages.

E. In addition to any other remedy, the county may enforce its license requirements by bringing an action to enjoin any or all of the following:

1. The holding of or performance at an assembly, without a license;

2. Ticket sales for, or advertising or promotion of, an assembly prior to the time a license has been obtained;

3. The threatened violation of a license requirement limiting the number of persons in attendance at an assembly, commercial entertainment

33

event, or outdoor festival. (Ord. 208, 2004; Amended Ord. 288, February 2012)

### 5.16.190: FINANCIAL STATEMENTS:

Each Applicant shall be required to provide a financial statement to give assurance of the ability of the promoters and/or applicants to meet the conditions of the license. (Ord. 208, 2004; Amended Ord. 288, February 2012)

### 5.16.200:  OBJECTION TO FEES

An Applicant may file an objection regarding the fees imposed under this Chapter.  The objection must be in writing and must be filed with the County clerk within fifteen days of the final notice indicating the conditions relating to the event.  Applicant shall indicate how the fees were inappropriately calculated pursuant to the ordinance and provide the County with notice of the exact nature of the complaint.  In the event that objection is made, the clerk shall set a hearing before the Board of County Commissioners within twenty calendar days.  Ruling on the objection shall occur within fifty calendar days after the hearing unless a longer time period is stipulated to by the Applicant and the County Board of Commissioners.  The ruling shall be considered a final decision for purposes of a petition for judicial review.

### 5.16.210:  APPEALS

An Applicant aggrieved by a decision of the Board of County Commissioners may seek judicial review of any decision made by the Board of County Commissioners provided that the Petition for Judicial Review in the Sixth Judicial District Court is filed in a timely manner after the final action of the Board of Commissioners and meets the other requirements imposed by the Nevada Revised Statutes for a Petition for Judicial Review.  A final action shall occur: When the County provides or mails written notice that it granted or denied an Application; or When the County provides or mails written notice that a License has been revoked; or When the County provides or mails written notice on its ruling denying an objection under 5.16.200.

### 5.16.220:  CREATION OF BUDGETARY LINE ITEM FOR LICENSE FEES

A budgetary line item shall be created for deposit of all license fees.  Transfers from the line item shall be made to cover expenses incurred during the Assembly by the respective county agencies, including administrative fees incurred by the Recorder/Auditor in administering the license fee.  Each impacted department shall be responsible for submitting paperwork to the Recorder/Auditor detailing expenses incurred that are related to the Assembly.  The Recorder/Auditor shall have authority to transfer

the funds to the appropriate fund to cover for expenditures and costs associated with the Assembly.

**REPEAL**

All ordinances or resolutions or parts thereof inconsistent with this Ordinance are repealed to the extent of such inconsistency.

**SEVERABILITY**

If any provision of this ordinance or its application to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of this ordinance and the provisions of this ordinance are declared severable.

**THIS ORDINANCE** shall take effect on October 1, 2012, the Pershing County Commissioners are hereby authorized and directed to have this published by title together with the names of the Commissioners voting for or against its passage once a week for a period of two (2) weeks in the Lovelock Review Miner, a newspaper published in a general circulation in the County of Pershing, State of Nevada.

PROPOSED on the 19th day of October, 2011.
PROPOSED by Commissioner Carol Shank.
PASSED on the 2nd day of February, 2012.
VOTE: Ayes: Pat Irwin, Carol Shank
      Nays: Darin Bloyed
      Absent: N/A

_____
Pat Irwin, Chairperson
BOARD OF PERSHING COUNTY COMMISSIONERS

ATTEST:

_____
Clerk

35