TERRY GROSS (*pro hac vice*)
ADAM BELSKY (*pro hac vice*)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, California 94104
T: (415) 544-0200 / Fax: (415) 544-0201
Email: terry@gba-law.com

KAREN G. JOHNSON-MCKEWAN (*pro hac vice*)
ANNETTE L. HURST (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
T: (415) 773-5700 / Fax: (415) 773-5759
Email: ahurst@orrick.com

ROBERT P. REZNICK (*pro hac vice*)
ORRICK HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
T: (202) 339-8400 / Fax: (202) 339-8500
Email: rreznick@orrick.com

RICHARD L. ELMORE, NSB #1405
TAMARA REID, NSB #9840
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511
T: (775) 327-3000 / Fax: (775) 786-6179
Email: treid@hollandhart.com

*Attorneys for Plaintiff Black Rock City LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLACK ROCK CITY LLC<br><br>Plaintiff,<br><br>v.<br><br>PERSHING COUNTY BOARD OF COMMISSIONERS, et al.,<br><br>Defendants. | CASE NO. 3:12-cv-00435-RCJ-(VPC)<br><br>DECLARATION OF ADAM BELSKY IN SUPPORT OF PLAINTIFF BLACK ROCK CITY LLC'S RULE 59 AND RULE 60 MOTIONS |

I, Adam Belsky, declare as follows:

1. I am an attorney duly admitted to practice law in the State of California, and I am a partner at Gross Belsky Alonso LLP, counsel for plaintiff Black Rock City LLC ("BRC") in this action. I have personal knowledge of the facts stated in this declaration, and, if called as a witness, I could and would testify competently to these facts.

2. I submit this declaration in order to address the following statements made by the Court in its Order dated January 6, 2014 (Dkt. No. 104): that BRC "committed a fraud" on the Nevada Legislature by: (1) "misrepresenting" the Court's Order dated April 26, 2013 (Dkt. No. 60)] to the Nevada Legislature "as evidence that this Court condoned its claims and its intended [settlement] agreement," and (2) "rel[ying] on this Court's Order (Dkt. No. 60) in lobbying for the enactment of A.B. 374, using the Court's language on the facial defects in the County's then-existing Festival Ordinance (*i.e.*, the previous version of PCC 5.16.180), to persuade the Nevada Legislature to create an exemption to NRS 244.320 and NRS 244.354." Order dated January 6, 2014 (Dkt. No. 104) at 19, 26, 27, 28.

3. These statements by the Court lack any support in the record before the Court; and even if information about these statements had been in the Court record, these statements are untrue. As discussed below in Paragraphs 5–9, BRC did not misrepresent the Court's Order to the Nevada Legislature, and BRC did not utilize the Court's Order to persuade the Nevada Legislature to create any exemption.

4. The Court's April 26, 2013 Order played virtually no role in the Legislature's consideration and passage of A.B. 374; indeed, A.B. 374 passed the Assembly before the Court's Order was even issued. The following is a summary of the introduction and passage of A.B. 374:

   a. On March 18, 2013, A.B. 374 was introduced in the Nevada Legislature by primary sponsors Assemblyman David Bobzien and Senators Ruben Kihuen, Debbie Smith, Tick Segerblom, and David R. Parks, and co-sponsors Assemblyman Paul Aizley, Assemblyman Elliot Anderson, Assemblywoman Teresa Benitez-Thompson, Assemblywoman Irene Bustamante Adams, Assemblywoman Maggie Carlton, Assemblyman Skip Daly, Assemblywoman Marilyn Dondero Loop, Assemblyman Andy

Eisen, Assemblywoman Michele Fiore, Assemblyman Jason Frierson, Assemblyman James Healey, Assemblyman Pat Hickey, Assemblywoman Marilyn Kirkpatrick, Assemblyman Andrew Martin, Assemblywoman Peggy Pierce, Assemblywoman Ellen Spiegel, Assemblyman Michael Sprinkle, and Senator Ben Kieckhefer.

b. As introduced, A.B. 374 amended the NRS provisions governing county regulation of outdoor assemblies to exempt assemblies held on federal land pursuant to a federal permit from County regulation pursuant to these provisions. A true and correct copy of A.B. 374 as introduced is attached to this Declaration as Exhibit A.

c. On April 23, 2013—three days before the Court issued its April 26, 2013 Order (Dkt. No. 60)—the Assembly passed A.B. 374 by a vote of 26 to 15. As passed by the Assembly, A.B. 374 continued to exempt assemblies held on federal land pursuant to a federal permit from County regulation. A true and correct copy of A.B. 374 as passed by the Assembly is attached to this Declaration as Exhibit B.

d. On May 15, 2013, the Pershing County Board of Commissioners, in an effort to persuade the Legislature to adopt an amendment to A.B. 374 proposed by the Nevada Association of Counties that, instead of prohibiting counties from regulating assemblies held on federal land pursuant to a federal permit, would provide counties with discretion whether or not to exempt such assemblies, passed a resolution, and signed a "Declaration to State Legislature," that Pershing County would "implement the Exemption provision of the proposed amendment in perpetuity for the Burning Man Event," if the Legislature enacted the amendment. The Declaration stated that this was "an attempt to protect the current rights of all counties in Nevada as set forth in NRS 244.354 to NRS 244.3548." A true and correct copy of the County's Declaration to State Legislature is attached to this Declaration as Exhibit C.

e. On May 17, 2013, the Senate Government Affairs Committee adopted an amendment to A.B. 374 that changed the exemption for assemblies held on federal land pursuant to a federal permit from mandatory to discretionary. A true and correct copy of A.B. 374 as passed by the Senate Government Affairs Committee is attached to this

1  Declaration as Exhibit D.

2      f.    On May 24, 2013, the Senate passed A.B. 374 as amended by a vote of 21 to 0.

4      g.    On May 27, 2013, the Assembly concurred in the Senate version of the bill, and on June 1, 2013, the Governor signed the bill into law. A true and correct copy of A.B. 374 as enacted is attached to this Declaration as Exhibit E.

7      5.    BRC appeared before the Legislature on only two occasions to testify in support of A.B. 374: (1) at the Assembly Government Affairs Committee hearing on A.B. 374 on March 22, 2013; and (2) at the Senate Government Affairs Committee hearing on A.B. 374 on May 8, 2013. True and correct copies of the Minutes for the March 22 and May 8 hearings downloaded from the Nevada Electronic Legislative Information Service, which contain BRC's testimony, are attached to this Declaration as Exhibits F and G.

13      6.    In its testimony to the Assembly Government Affairs Committee on March 22, 2013, BRC made no reference to this litigation. *See* Exhibit F (March 22, 2013 Hearing Minutes at 4-18).

16      7.    In its testimony to the Senate Government Affairs Committee on May 8, 2013, the sole statement that BRC made concerning the Court's April 26, 2013 Order was the following reference made by me as counsel for BRC:

> In the lawsuit pending between Black Rock City and Pershing County, the judge issued a ruling on the defendant's motion to dismiss. The judge dismissed the federal preemption claim, but he allowed the First Amendment and the breach of contract claims to go forward.
>
> This is just a preliminary ruling at this point. The judge gave Burning Man permission to amend its complaint. The ruling is also subject to appeal. This issue in litigation will be ongoing for quite some time. We do not yet know what the resolution will be.

Exhibit G (May 8, 2013 Hearing Minutes) at 13.

28      8.    This statement was factually accurate. I did not cite the Court's Order "as

evidence that this Court condoned [BRC's] claims and its intended [settlement] agreement," and I made no reference to or use of "the Court's language on the facial defects in the County's then-existing Festival Ordinance (i.e., the previous version of PCC 5.16.180)." April 26, 2013 Order (Dkt. No. 60) at 27.

9. At the May 8, 2013 Senate Government Affairs Committee hearing, Jim Shirley, the district attorney of Pershing County and a defendant in this lawsuit, testified on behalf of Pershing County in opposition to A.B. 374. Mr. Shirley cited the Court's ruling dismissing BRC's federal preemption claims as evidence that A.B. 374 should be defeated. Exhibit G (May 8, 2013 Hearing Minutes) at 20.

I declare under penalty of perjury under the laws of the United States that the foregoing is accurate to the best of my knowledge. Executed this __ Day of February, 2014.

_____
Adam Belsky