**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

BLACK ROCK CITY LLC,                    )
                                        )
                Plaintiff,              )
                                        )          3:12-cv-00435-RCJ-VPC
        vs.                             )
                                        )          **ORDER**
                                        )
PERSHING COUNTY BOARD OF                )
COMMISSIONERS, et al.,                  )
                                        )
                Defendants.             )
_____

        This action—brought by the organizer and promoter of the "Burning Man" event against

the Board of Commissioners (the "Board") of Pershing County, Nevada (the "County") and five

individual Defendants in their official capacities—sought injunctive and declaratory relief

establishing that a County ordinance applicable to the Burning Man event is unconstitutional

under the First Amendment. On January 6, 2014, this Court granted summary judgment in favor

of Defendants and ordered the case closed. (Order, ECF No. 104).

        The parties have filed four post-judgment motions: (1) Plaintiff's Rule 59(e) motion to

vacate, (ECF No. 106); (2) Plaintiff's Rule 60(b)(4) motion to vacate the judgment as void, (ECF

No. 107); (3) Defendant Jim Shirley's motion to extend time to respond to Plaintiff's motions to

vacate, (ECF No. 119); and (4) Defendant Shirley's amended motion to extend time to respond

to Plaintiff's motions to vacate, (ECF No. 120). For the reasons stated herein, Plaintiff's motions

to vacate are denied, and the remaining motions are denied as moot.

I.      **LEGAL STANDARD**

        A court should be loathe to revisit its own decisions unless extraordinary circumstances

show that its prior decision was clearly erroneous or would work a manifest injustice.

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). This principle is

embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) and Rule 60(b) permit a district court to reconsider and amend previous orders, this is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., *Moore's Federal Practice* § 59.30(4) (3d ed. 2000)) (internal quotation marks omitted).

Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the court (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter.*, 229 F.3d at 890. Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for reconsideration. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Furthermore, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and

arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

## II.    ANALYSIS

Plaintiff asserts a total of four arguments in its motions to vacate: (1) the Court lacked jurisdiction to enter its January 1, 2014 order; (2) newly submitted evidence and argument demonstrates that the Court erred in finding that the parties' settlement agreement is the product of  collusion, fraud, and an abuse of judicial process; (3) the Court erred in concluding that the terms of the settlement agreement are illegal and therefore unenforceable; and (4) the Court erred in its decision on the merits of Defendant Shirley's motion for summary judgment. (*See generally* Mem., ECF No. 111; Mem., ECF No. 112). None of these contentions warrant reconsideration.

First, Plaintiff's jurisdictional arguments mirror the jurisdictional arguments rejected during the status conference on Plaintiff's motion for the Court to retain jurisdiction over the settlement agreement, (*compare* Tr. of Proceedings, ECF No. 103, at 27–28 ("If the Court wishes not to retain jurisdiction, then the stipulation for dismissal has been filed and is effective pursuant to Rule 41(a)(1)(A)[(ii)].") *and id.* at 84 ("[U]nder 41(a)(1)(A)[(ii)] . . . the Court is without jurisdiction to act any further in this matter.") *with* Mem., ECF No. 111, at 22 ("Immediately upon the filing of the parties' November 25, 2013 Rule 41(a)(1)(A)(ii) Stipulation for Dismissal . . . this Court was divested of jurisdiction to take any further action in this case.")). Therefore, these arguments are an inadequate basis for reconsideration.

Second, the affidavits, declarations, and other evidence Plaintiff submits in support of the instant motions is similar in character and content to the representations made and rejected at the status conference. (*Compare* Tr. of Proceedings, ECF No. 103, at 86–87 (counsel representing

that neither the action nor the settlement agreement was the product of collusion or an abuse of process) *with* Mem., ECF No. 111, at 25–27 (citing declarations from counsel to the same effect)). Therefore, these materials do not warrant reconsideration.

Finally, to the extent that Plaintiff contends that the Court committed clear error in its analysis of Defendant Shirley's motion for summary judgment and the settlement agreement, the Court simply disagrees. Tellingly, with respect to the order granting summary judgment, Plaintiff declines to squarely address the Court's dispositive justiciability analysis and instead argues the merits of its First Amendment challenge, all while complaining that it was not "afforded an opportunity to oppose the motion." (*See* Mem., ECF No. 111, at 34–37). Plaintiff clearly had an opportunity to oppose the motion and simply declined to do so. (Order, ECF No. 104, at 10 ("Plaintiff has failed to file a response to the pending motion for summary judgment, and the deadline for doing so has long passed.")). Therefore, Plaintiff's attempt to imply that this Court did not afford such an opportunity and that this somehow prevented Plaintiff from submitting evidence sufficient to show Article III standing, (*id.* at 37), is both unpersuasive and disingenuous. Accordingly, the Court concludes that reconsideration is unwarranted, and Plaintiff's motions are denied.

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's motions to vacate (ECF No. 106 and 107) are DENIED.

IT IS FURTHER ORDERED that Defendant Shirley's motions to extend time (ECF Nos. 119 and 120) are DENIED as moot.


IT IS SO ORDERED.

Dated: ‗ June 9, 2014 ‗‗‗‗‗‗‗

_____
ROBERT C. JONES
United States District Judge