FILED

MAR 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLACK ROCK CITY, LLC,<br><br>   Plaintiff - Appellant,<br><br>v.<br><br>PERSHING COUNTY BOARD OF COMMISSIONERS, et al.,<br><br>   Defendants - Appellees. | No. 14-15221<br><br>D.C. No. 3:12-CR-00435-RCJ-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted February 10, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and NGUYEN, Circuit Judges.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Black Rock City, LLC appeals the district court's January 6, 2014 order granting defendant James Shirley's motion for summary judgment and denying a proposed order to dismiss the matter with prejudice under Federal Rule of Civil Procedure 41(a)(2).  We have jurisdiction under 28 U.S.C. § 1291.  We vacate and remand.

1.   All parties, with the exception of Appellee Shirley, argue on appeal that the district court had no authority to issue the January 6, 2014 order.  We agree.  The district court's jurisdiction expired roughly six weeks earlier, on November 25, 2013, when the parties filed a stipulation for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).[1]  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing voluntary dismissal without a court order where all parties sign a stipulation to that effect); *Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).  All parties signed the November 25, 2013 stipulation, and there is no dispute on appeal as to its validity.  Unlike their first attempt to end this matter pursuant to Rule 41(a)(2), the parties did not ask the district court to retain jurisdiction, and voluntary dismissal under Rule 41(a)(1) automatically

---

[1] The fact that parties have entered into a settlement agreement does not render this appeal moot.  Where district courts have issued wrongful orders, this court has exercised the power to vacate them.  *See* 28 U.S.C. § 2106; *Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1073 (9th Cir. 2001).

terminates the action without operation of a court order.  *See Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999).  Despite the plain language of Rule 41(a)(1), the district court in its January 6, 2014 order offers no theory of jurisdiction; indeed, it does not even mention the November 25, 2013 stipulation.

     2.   We have in the past expressed concern over the district court's handling of a number of cases that have reached this court,[2] and we unfortunately must do so again here.  At a hearing, called *sua sponte* in response to the parties' first attempt to end this case via Rule 41(a)(2), Judge Jones excoriated and mocked counsel[3] and offered lengthy criticisms of the settlement agreement despite counsel's repeated statements that the parties were not seeking the court's approval.  Against this backdrop, and ignoring the parties' clear intentions to resolve this matter, the January 6, 2014 order followed.  On remand, we instruct the Chief Judge of the

---

[2] *See United States v. Estate of Hage*, 810 F.3d 712, 721-24 (9th Cir. 2016); *United States v. U. S. Dist. Court (In re United States)*, 791 F.3d 945, 957-60 (9th Cir. 2015); *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045-46 (9th Cir. 2015); *Benvin v. U.S. Dist. Court (In re Benvin)*, 791 F.3d 1096, 1104 (9th Cir. 2015) (per curiam); *Townley v. Miller*, 693 F.3d 1041, 1043-45 (9th Cir. 2012) (order) (Reinhardt, J., concurring).

[3] Among other things, Judge Jones: noted his own laughter on the record, repeatedly lobbed accusations of malpractice, described counsel's comments as "mealy-mouthed," and suggested that counsel return to law school.

District of Nevada to assign the case to a different district judge to vacate the January 6, 2014 order and judgment.

    We need not reach the remaining issues raised on appeal.

**VACATED and REMANDED with instructions.**